PEOPLE v. TRIPP.

INTOXICATING LIQUORS—ILLEGAL POSSESSION—CRIMINAL LAW—TRIAL —INSTRUCTIONS.

> In prosecution for illegal possession of intoxicating liquor, testimony by defendant that, when he returned home from work shortly before noon, he found his wife and others drinking intoxicating liquor, against which he protested; that he then went short distance for ice, and, when he returned, he again protested and threw jug containing liquor out of window, raised issue of fact which should have been submitted to jury under proper instructions, and, therefore, instructions under which jury could do no less than find defendant guilty were erroneous. SHARPE, J., dissenting.

Error to Genesee; Brennan (Fred W.), J. Submitted June 13, 1929. (Docket No. 130, Calendar No. 34,232.) Decided October 7, 1929.

Channie Tripp was convicted of a fourth offense against the liquor law. Reversed, and new trial granted.

As to criminal responsibility of husband for violation of liquor law by wife, see annotation in 19 A. L. R. 136; 27 A. L. R. 312.

*Roach, Bean & Church,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Charles D. Beagle,* Prosecuting Attorney, for the people.

SHARPE, J. (*dissenting*). The information in this case charged the defendant with having unlawfully had a quantity of intoxicating liquor in his possession in the county of Genesee on July 9, 1928. It also charged his conviction of felonies committed in said county on three former occasions. He was convicted after trial, and here seeks review by writ of error.

There is little dispute about the facts. Three of the officers of the county visited defendant's home after 1 o'clock in the afternoon of the day charged, in response to information received that "they were having a rough party at his home south of the Bristol road." When they arrived, "there was a lot of noise coming out of the house, swearing, laughing." As one of them went toward the front of the house, he saw a gallon jug thrown out of the window. It was not broken in the fall, and, on examination, was found to contain a considerable quantity of moonshine whisky. Defendant, his wife, his sister-in-law, and several men were in the house. All of them, except perhaps the defendant, were more or less intoxicated. He was arrested, and his trial and conviction followed. The errors relied upon will now be considered.

1. It is urged that defendant's constitutional rights were invaded by the entry of the officers upon his premises and the arrest which followed. A petition to suppress the evidence taken on the examination for this reason was filed. It was unsupported. The examination does not appear in the record. Neither does it appear that it was passed upon by

the trial court. Error may not be predicated upon a claimed denial thereof. The jug containing the liquor was thrown from the room in which the defendant was before the officers entered the house. By this act they were apprised that the law was being violated by some person therein.

2. *Defendant's Control of his Home.* Defendant testified that he had been at work that morning and returned to his home about 11 o'clock; that the persons above named were then there and he saw the jug containing the liquor and knew that they had been drinking; that there was loud talking; that he threw the jug out of the window when the officers arrived; that, while the others continued to drink, he did not drink any himself; that "liquor was offered to everybody," and was served by his wife; that he threw the jug out of the window to get rid of it, and tried to break it; that his wife "said it belonged to her, that she was running the place." The instructions of the court as to defendant's liability in this respect were in line with the law as stated in *People* v. *Sybisloo,* 216 Mich. 1 (19 A. L. R. 133).

3. *Instructions to the Jury.* It is urged that the instructions "amounted to a directed verdict of guilty" under the rule relating thereto, as announced in *People* v. *Lintz,* 244 Mich. 603. We have read the charge with care, and cannot so conclude. While the trial court referred to the testimony of the defendant and other witnesses, he made it clear to the jury that it was for them to decide upon the guilt or innocence of the defendant. He said:

"If there is any question in your minds about his guilt in this matter, if there is any reasonable doubt of his guilt, it is your duty to acquit him."

The defendant had a fair trial. No reversible error appearing, the judgment should be affirmed.

WIEST, J. I find reversible error in this record. Defendant was convicted of having intoxicating liquor in his possession, at his home, on the 9th day of July, 1928. His defense was that he came home from his work just before the noon hour and found his wife, sister, and three men there engaged in drinking intoxicating liquor; that he objected, and finally threw a jug, containing whisky, out of the window.

Under instruction given by the court the jury could do no less than find defendant guilty, and this was done with the recommendation of mercy. Defendant was sentenced to prison for life. If defendant's testimony was true, he did all he could, by way of expostulation, to get the liquor out of his home. I do not think he should be held guilty of possessing the liquor if he endeavored to have it removed from his home. He was not under obligation to enter into a knock-down-and-drag-out fight with his wife, sister, or the three men, else be held to have possession of the very thing he was trying to avoid.

I think the court was in error in instructing the jury as follows:

"I will say to you that if from the facts you determine that that liquor was in his possession or in his home with his knowledge at that time, and it was there a sufficient length of time that after he discovered it was there he permitted it to stay there, no matter how long, during that time he was in possession of it, and that is a violation of the law, if you find that to be a fact. Now, that is the law that you have agreed to take from the court as the law in this case. In determining this fact, as to whether

or not he had it in his possession any length of time, or that he had it in his possession any length of time so that he should be presumed to have knowledge, you will take into consideration the testimony itself, take his own testimony, and all the testimony. If you take the story of the respondent himself, that he arrived in his home between 10 o'clock and 11 o'clock that forenoon and that when he arrived there he knew that the liquor was there in his home and that he remained in his home until 20 minutes or half an hour later when he went away, he left that liquor there in his own home without destroying it, went after this ice, and left his wife and her sister, Mrs. Teiderman, and these three men there with that liquor, and if you find he did that knowingly, find that beyond a reasonable doubt from the evidence in the case, then I say to you that the people have established the fact that he knew and had knowledge that that liquor was there and had knowledge at that time that it was in his possession, and I charge you that the respondent will be presumed to have knowledge that that liquor was there during that time and that he had possession of it during that time.''

If defendant, when he returned from his work to his home found his wife, sister, and the three men drinking intoxicating liquor and protested, and then went a short distance to get some ice for his wife who was a sufferer from asthma, and, upon his return, again protested and endeavored to have the liquor removed, and both protestations and endeavors were within the compass of about a half hour, then he was not guilty of possessing the intoxicating liquor.

The rule given the jury by the court rendered the defendant guilty, even though he endeavored to have the liquor removed from his home and did what he could to avert any possessory right thereover. He was not bound to take the liquor from his wife and

others and immediately destroy it or be held guilty of its possession.

Defendant's testimony raised an issue of fact for the jury, and the instruction mentioned did not give the law applicable to such an issue.

The instruction given finds no support in *People v. Sybisloo,* 216 Mich. 1 (19 A. L. R. 133).

The point I have discussed is raised by defendant's sixth assignment of error.

The judgment should be reversed, a new trial granted, and defendant remanded to the custody of the sheriff of Genesee county to await trial.

NORTH, C. J., and FEAD, CLARK, MCDONALD, and POTTER, JJ., concurred with WIEST, J. The late Justice FELLOWS took no part in this decision.